(No. 3907—▬▬▬▬▬▬▬▬▬▬

LILLIAN N. DOWLING, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On August 18, 1944, claimant, an employee of the Department of Labor, while in the discharge of her duties as such employee, slipped and fell, sustaining a concussion, and a sprained right ankle and left knee. By direction of her superior, she was placed under the care of her family physician, Dr. Charles H. Connor, until she was able to return to work, a period of approximately six weeks.

Claimant had no children under sixteen years of age

dependent upon her for support. She was employed by the respondent at a salary of $125.00 per month. At the time of the accident, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

No claim is made for temporary disabilty, but claim is made for medical and hospital services in the total amount of $41.10. Claim is also made for twenty weeks' loss of use of claimant's left knee and right ankle, and for general disability, due to the alleged head injury.

The claimant, testifying on her own behalf, stated that her physical condition since the accident is "not very good," and that her health was "jeopardized through this fall." She said she has pains in her stomach, in the ankle, and in the knee, and that she has a continuous pain in her head. She testified that she had lost time from work since the accident, because of an attack of lobar pneumonia. There is nothing in the record, however, to indicate any connection between the pneumonia and the injury.

Alexander W. Reid, called as a witness on behalf of the claimant, stated that he was head of the Executive Department of the Illinois Industrial Commission; that he authorized the employment of the claimant's family physician to care for her following the injury. He also testified that since the injury claimant appeared to have lost considerable weight and to be in a more nervous condition than she was prior to the injury.

Claimant returned to her same employment six weeks after the accident, and is now receiving a salary larger than she received prior to the injury. There is not a

scintilla of evidence indicating that the claimant, as a result of the accident, is partially incapacitated from pursuing her usual and customary line of employment; there is not a scintilla of evidence in the record to indicate any specific loss of use of either her ankle or her knee. Defendant has wholly failed to prove any disability resulting from the injury which might be compensated under the provisions of the Workman's Compensation Act of this State.

Claimant, however, is entitled to be reimbursed for the medical and hospital services which she paid, in the total amount of $11.10, and is entitled to the additional sum of $30.00 for the use of Dr. Charles H. Connor for medical services, and to the sum of $16.50 for the use of A. M. Rothbart, Court Reporting Service, for services in taking and transcribing the testimony in the case.

Award is therefore made in favor of the claimant in the total amount of $57.60 to be paid as follows: $30.00 for the use of Dr. Charles H. Connor; $11.10 to claimant for medical and hospital services; and $16.50 for the use of A. M. Rothbart Court Reporting Service.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the General Revenue Fund in the manner provided in such act.